**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JACKIE L. HOLTCAMP, :
: Civil Action No. 14-4780 (MAS)
:
Plaintiffs, :
:
v. : **OPINION**
:
JANSSEN SCIENTIFIC AFFAIRS, :
:
Defendant. :

**APPEARANCES:**

    JACKIE L. HOLTCAMP, Plaintiff <u>pro se</u>
    Fulton State Hospital
    600 E. 5th Street
    Fulton, Missouri 65251

**SHIPP**, District Judge

Plaintiff, Jackie L. Holtcamp ("Plaintiff"), is a civilly committed person, pursuant to the State of Missouri's Sexually Violent Predator ("SVP") Act, Missouri Rev. Stat. § 632.483. He has remained committed since 2006. Plaintiff is presently confined at the S.O.R.T.S. Unit in the Fulton State Hospital in Fulton, Missouri. On July 3, 2014, Plaintiff filed an action against Defendant Janssen Scientific Affairs, asserting a civil rights violation under 42 U.S.C. § 1983, in the United States District Court for the Western District of Missouri (Jefferson City), namely, *Holtcamp v. Janssen Scientific Affairs*, Civil No. 2:14-cv-04182-BCW. (ECF No. 1.) On July 23, 2014, the Honorable Brian C. Wimes, U.S.D.J., entered an Order transferring the case to the

District of New Jersey, pursuant to the federal venue statute, 28 U.S.C. § 1391(b), because the sole defendant, Janssen Scientific Affairs, is located in the State of New Jersey. (ECF No. 4.) The case was received by the District of New Jersey on August 1, 2014 and it was docketed under Civil No. 14-4780-MAS-LHG. (ECF No. 8.) Plaintiff seeks to bring this action *in forma pauperis* ("IFP"), and he provided this Court with a complete IFP application on August 21, 2014. (ECF No. 11.) Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging a civil rights violation against Defendant Janssen Scientific Affairs. (ECF No. 1, Complaint at Caption, ¶ II.B.) Plaintiff alleges only that Defendant manufactures the drug Risperdal, and that Plaintiff has been prescribed Risperdal from 2005 to July 2014 while confined at Fulton State Hospital. He claims that Risperdal makes him unable to stay focused and causes difficulty in going to sleep. (*Id.*, ¶ IX.) Plaintiff seeks $1 million in damages. (*Id.*, ¶ V.)

On August 11, 2014, Plaintiff filed a motion for appointment of counsel. (ECF No. 11.) On August 28, 2014, Plaintiff filed a motion to proceed beyond the statute of limitations. (ECF

No. 12.) Thereafter, on September 8, 2014, Plaintiff wrote to the Court to say that his motion to proceed beyond the statute of limitations was premature and that his action was timely because he is still being prescribed Risperdal. (ECF No. 14.) On October 6, 2014, Plaintiff wrote the Court and asked to add Johnson & Johnson Pharmaceutical Research and Development, LLC as a Defendant in this matter. (ECF No. 16.) The Court notes that Plaintiff is entitled to add the new Defendant as a matter of course under Fed.R.Civ.P. 15(a).

## I. STANDARDS FOR A SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must review complaints in those civil actions in which the litigant is proceeding *in forma pauperis*. Specifically, this statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. Accordingly, because Plaintiff is proceeding in forma pauperis in this matter, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)

3

("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Section 1983 Claim

The Court construes the Complaint as asserting a constitutional deprivation claim of forced medication under § 1983. Both named Defendants, Janssen Scientific and Johnson & Johnson, are private entities. A private entity is only liable under § 1983 if it "may fairly be said to be a state actor." *Cahill ex rel. L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Thus, for Plaintiff to properly assert a § 1983 claim against these Defendants, he must show that a violation of a federal constitutional right "was committed by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Mammaro v. Omega Laboratory, Inc.*, Civil No. 13-6483, 2014 WL 4854602, *2 (D.N.J. Sep. 30, 2014).

"The color of state law element in a section 1983 action requires that 'the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State.'" *Myers v. Atlantic Health Systems*, 2014 WL 495148, *4 (Feb. 4, 2014) (quoting *Lugar.*, 457 U.S. at 937 (1982)). For the conduct to be "fairly attributable" to the state, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by state or by a person for whom the State is responsible," and the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the state. *Lugar*, 457 U.S. 922, 936–39.

In this case, Plaintiff fails to make any allegations against the private entity Defendants that would give rise to a plausible inference they were acting under color of state law to deny

5

Plaintiff his constitutional rights. Plaintiff alleges no facts to show that Defendants acted in concert or jointly with the State in any manner regarding the Missouri state hospital's prescribed use of Risperdal to treat Plaintiff against his wishes. Plaintiff simply alleges that Defendant Janssen Scientific manufactures Risperdal, which is insufficient to justify treating the Defendant as a state actor. Moreover, Plaintiff fails to make any allegations regarding Defendant Johnson & Johnson. Therefore, Plaintiff's § 1983 claim is dismissed for failure to state a claim.

B. Products Liability Claim

To the extent that Plaintiff is not alleging forced medication, and instead is asserting a products liability claim, the action is still subject to dismissal. The Complaint is completely devoid of any factual allegations that would "plausibly give rise to an entitlement to relief" under such a claim. *Bistrian*, 696 F.3d at 365; *see also Iqbal*, 556 U.S. at 678-79. Consequently, the Complaint is dismissed for failure to state a claim at this time.

V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, as against all named Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff's motions for appointment of counsel (ECF No. 9), to proceed beyond the statute of limitations (ECF No. 12), and to rescind his motion concerning the statute of limitations as premature (ECF No. 14), are denied as moot. An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated: